JEAN-PAUL CIARDULLO, CA BAR NO. 284170
jciardullo@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: (213) 972-4500
Facsimile: (213) 486-0065

THOMAS A. JAMES *(pro hac vice forthcoming)*
tajames@foley.com
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654-5313
Telephone: (312) 832-4943
Facsimile: (312) 832-4700

*Attorneys for Plaintiff*
*Lider Electric Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| LIDER ELECTRIC INC., *Plaintiffs*, v. SOCKET SOLUTIONS, LLC, *Defendants*. | Case No. 8:23-cv-1054 **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY** ***JURY TRIAL DEMANDED*** |

Lider Electric Inc. ("Lider" or "Plaintiff"), by its undersigned counsel, hereby alleges as follows in support of its Declaratory Judgment Complaint against Socket Solutions, LLC ("Socket Solutions" or "Defendant").

# NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Lider brings this action in view of the actual controversy that Socket Solutions has created with respect to Lider's purported validity and infringement of Socket Solution's U.S. Patent No. 9,509,080 (the "'080 patent").

2. Socket Solutions has repeatedly accused Lider's Outlet Extender (the "Lider Product," shown below) of infringing the '080 Patent. The Amazon ASIN numbers for Lider's listings of the Lider Product are identified *infra*. Through several take down requests to Amazon, Socket Solutions has succeeded in causing Amazon to remove the Lider Product listings over Lider's active protestation.



3. The removal of the Lider Product listings on Amazon has caused Lider to realize a significant loss of sales given that Amazon is its primary sales platform. In addition to Lider's monetary losses, the removal of the Lider Product listings from Amazon has harmed Lider's goodwill and reputation.

4. Socket Solutions has not otherwise sought to adjudicate its infringement allegations in court.

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5

## PARTIES

5. Lider is a corporation duly organized and existing under the laws of California, with an address of 4695 MacArthur Court, Newport Beach, CA 92660.

6. On information and belief, defendant Socket Solutions is a limited liability corporation organized and existing under the law of Texas with an address of 4849 Homestead Rd., Ste 234, Houston, TX 77028.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 U.S.C. §§ 1, *et seq.*

8. This Court has specific personal jurisdiction over Socket Solutions because Sockets Solutions has repeatedly and purposefully targeted Lider – and the distribution of the Lider Products – in this District. On information and belief, Socket Solutions has at all times known that Lider is a California company operating essentially exclusively in California, and that the Lider Products are distributed within and from California, including to Amazon's many warehouses local to Lider in this Judicial District. Knowing that Lider was actively resisting Socket Solutions' takedown request to Amazon, Socket Solutions nonetheless persisted with its takedown demand and ultimately succeeded in causing Amazon to de-list the Lider Products. On information and belief, Socket Solutions knew and understood its acts would cause Lider to lose significant revenue, as well as harm Lider's reputation. On information and belief, Socket Solutions was well aware of the injury it was causing to Lider in this District, and desired that injury to occur in this District, which is the only District in which Lider has a place of business. On information and belief, Socket Solutions knew and understood that its actions would cause the cessation of distribution of the Lider Products to and from Amazon in this Judicial District, and elsewhere in California. Other bases for personal jurisdiction are set forth further in other Sections of this Complaint, *infra*.

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5

9. The Court's exercise of personal jurisdiction over Socket Solutions is further justified because, upon information and belief, Socket Solutions derives substantial revenue from sales of its products (including the claimed commercial embodiment of the claimed patented design) in this District, and Socket Solutions has otherwise availed itself of the benefits and privileges of doing business within California to advertise and sell its competing products that is claims are covered by the '080 Patent.

10. Exercising personal jurisdiction over Socket Solutions in this Judicial District would not be unreasonable given Socket Solutions' extensive contacts with this Judicial District, the interest of this Judicial District in resolving disputes related to products and/or services sold herein, and the foreseeable harm that will continue to occur to Lider in this District if the Court does not exercise personal jurisdiction over Socket Solutions.

11. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) for the same reasons that the Court's exercise of personal jurisdiction is appropriate.

## PATENT-IN-SUIT

### U.S. Patent No. 9,509,080

12. The '080 patent is entitled "Functional Indoor Electrical Wall Outlet Cover" and issued on November 29, 2016. A copy of the patent is attached as **Exhibit 1**. The abstract of the '080 Patent summarizes the patent as "[a]n indoor electrical wall outlet cover permitting functional use of an electrical wall outlet while fully concealing the plug contact openings of the outlet. The cover has a functional electrical plug that inserts into the wall outlet and is connected to an extended electrical cord having at its distal end one or more functional electrical receptacles for indirect use of the wall outlet. In one embodiment, the cover is essentially featureless in outward appearance, and when positioned over the wall outlet, the cover fully hides the wall outlet from view, including the perimeter dimension of the wall outlet. The functional electrical plug has electrical connection pins that are bent at a [stet] angle enabling the cover to function without extending any significant degree outward of the wall outlet, so that furniture may be

positioned effectively flush against the wall in front of the covered wall outlet." Figure 1 is reproduced below:



FIG. 1

## LIDER'S BUSINESS

13. Lider is a small business operating essentially exclusively within this Judicial District.

14. Lider is a new company that launched its brand in or around October 2022.

15. Lider sells light switches, electric receptacles, faceplates, and other technologies that control or improve the aesthetics of lights and wiring. Exemplary product listings from Lider's website, lider-electric.com, are reproduced below:



5

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5

16. Lider sells is numerous products on Amazon, which is Lider's primary sales platform. The accused Lider Products have been sold essentially entirely on Amazon.

17. Lider also sells its products on its own website, lider-electric.com.

18. Lider sells the accused Lider Product on its website (see https://lider-electric.com/?s=LWE), but sales through the website have been marginal compares to those on Amazon.

19. The accused Lider Products were first introduced on February 19, 2023, and since that time has been on sale on Amazon under several ASIN listings reflecting various design options: B0BTY8Y5VW, B0BV628K9Y, B0BV5Y8BV3, B0BV67SDC3, B0BV5YR513, B0BV68L46Q, B0BV5R6HVZ, B0BTY9GTC6, B0BTYBGW22, B0BTY98ZYV, B0BTY96M4R, B0BTY936GL, B0BTY8Y5VW.

20. Lider imports the Lider Products exclusively through the Ports of Los Angeles and Long Beach within this Judicial District.

21. The Lider Products are then picked up and brought to Lider's warehouse in Irvine, California, within this Judicial District.

22. The Lider Products that will be sold over Amazon are then shipped from Lider's warehouse to Amazon warehouses that are located, among other locations, in Riverside, Fontana, Moreno Valley, and Stockton. It is estimated that at any given time around 50% or more of the Lider Products may have been – and currently are – inventoried at Amazon's California facilities, including those within this District.

**SOCKET SOLUTIONS' RELEVANT CONDUCT**

23. Socket solutions is listed on the U.S. Patent Office website as the assignee of the '080 Patent.

24. On information and belief, defendant Socket Solutions' primary product is a claimed commercial embodiment of the '080 Patent that it sells under the brand name "Sleek Socket." An example image is shown below.



25. Socket Solutions has alleged in the past that Sleek Socket products are the top-selling products in their category and currently account for approximately $20 million in annual gross revenues.

26. Amazon is a major sales platform for Socket Solutions and its Sleek Socket products.

27. The accused Lider Products were competing directly with the Sleek Socket on Amazon.

28.

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5

29. On information and belief, California is a primary market for Socket Solutions, with many products advertised and sold to California residents, including within this District.

30. On information and belief, Lider and Socket Solutions are directly competing in this District for sales to customers in this District, such that elimination of Lider's competing product in this District would allow Socket Solutions to expand its marketshare for the Sleek Socket in this District.

31. On information and belief, Socket Solutions likely identified Lider and the accused Lider Products promptly after those products were introduced on Amazon in or around February 2023.

32. On information and belief, Socket Solutions is managed by an attorney who is also the named inventor of the '080 Patent.

33. On information and belief, Socket Solutions' legal counsel in connection with the Amazon takedown demands is highly knowledgeable about Amazon's business and the typical business practices of Amazon merchants because he serves as a mediator in Amazon's utility patent infringement dispute resolution program, and regularly represents clients involved in Amazon patent infringement disputes.

34. On information and belief, one of the reasons that Socket Solutions engaged its counsel was to leverage its counsel's knowledge and expertise concerning Amazon, and the handling of patent infringement enforcement matters through Amazon.

35. On information and belief, Socket Solutions and its counsel conferred closely with respect to the Amazon takedowns against Lider, or if they did not, should have.

36. On information and belief, Socket Solutions knew that the Lider Products originated from Lider because the Amazon listings clearly indicated that fact.

37. If Socket Solutions did not know the facts recited in the foregoing paragraph, then it was willfully blind to them.

COMPLAINT FOR DECLARATORY JUDGMENT

38. On information and belief, Socket Solutions knew that Lider was operating essentially exclusively in this Judicial District (and incorporated in California) because standard and simple diligence in reviewing publicly available information would have revealed that fact. Such research would have been routine for Socket Solutions and its counsel, who are both sophisticated.

39. If Socket Solutions did not know the facts concerning Lider recited in the foregoing paragraph, then it was willfully blind to them.

40. On information and belief, because Socket Solutions sells so extensively on Amazon, and because of the sophistication of Socket Solutions and its counsel, Socket Solutions is well aware of Amazon's relevant business operations as they relate to selling consumer products similar to those sold by Socket Solutions.

41. On information and belief, it is common knowledge among those familiar with Amazon sale operations (including Socket Solutions and its counsel) that Amazon has a very large presence in this District, with multiple major warehouses and distribution centers that manage a large volume of inventory from consumer products companies based in this District.

42. On information and belief, because of Socket Solutions' own sales through Amazon in this District – including of its claimed commercial embodiment of the '080 Patent – Socket Solutions is familiar with Amazon product distribution and warehousing in this District.

43. On information and belief, Socket Solutions would have known that a consumer products company like Lider based exclusively in this District would be shipping its products in via the major ports at Los Angeles or Long Beach (or by air into this District), and that those products would then be transported over land in this District, and then warehoused in this District, including at Amazon's well-known major warehouses that are in this District. Thus, Socket Solutions would have known that any disruption in sales of such products on Amazon would have direct and immediate consequences to the distribution and warehousing of such products in this District.

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5

44. If Socket Solutions did not know the facts recited in the foregoing paragraph, then it was willfully blind to them.

45. Furthermore, Socket Solutions would have known, based on the way that most products like the ones at issue are sold online, that Amazon would have almost certainly accounted for the vast majority of Lider's sales, a fact that would also have been apparent from the absence of Lider products on other online sales platforms, and the fact that the accused products had only recently been introduced by a new company. This basic diligence would have been routine for Socket Solutions and its counsel. Thus, Socket Solutions would have known that its actions targeting Amazon distribution in this District would have amounted to a complete or near complete shut-down of Lider's entire business relating to the accused products, and that that shut-down was happening in this District.

46. If Socket Solutions did not know the facts concerning Lider recited in the foregoing paragraph, then it was willfully blind to them.

47. On or about April 10, 2023, Socket Solutions, through its counsel referred to above, sent a takedown request to Amazon accusing the Lider Product of infringing the '080 Patent and demanding that Lider's listings for the Lider Products be removed from Amazon.

48. Socket Solutions' letter had the effect of causing Amazon to implement a takedown.

49. On information and belief, Socket Solutions knew full well – and intended – that Amazon would inform Lider in this District of Socket Solutions' demand and who submitted it (which Amazon did). Thus, Socket Solutions enlisted Amazon to communicate its infringement allegations to Lider in this District.

50. If Socket Solutions did not know that Amazon would communicate its infringement allegations to Lider in this District, then Socket Solutions was willfully blind to that fact.

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5

51. Socket Solutions also knew and intended that if Amazon followed through on Socket Solutions' takedown demand, it would cause direct economic and reputational injury to Lider in this District, and direct and immediate effects on distribution and warehousing of the accused Lider Products in this District.

52. If Socket Solutions did not know the facts recited in the foregoing paragraph, then it was willfully blind to them.

53. On or about April 14, 2023, Lider responded to the Amazon takedown by submitting a legal opinion letter articulating why the Lider Products did not infringe the '080 Patent.

54. Lider anticipated that Amazon would supply the letter to Socket Solutions, and upon information and belief, Amazon did.

55. Lider's opinion letter had the effect of reinstating the Amazon listings.

56. On May 18, 2023, Socket Solutions, through its counsel identified above, sent a second takedown demand to Amazon regarding the Lider Products.

57. On information and belief, Socket Solutions knew full well – and intended – that Amazon would inform Lider in this District of Socket Solutions' demand and who submitted it (which Amazon did). Thus, Socket Solutions enlisted Amazon to communicate its infringement allegations to Lider in this District.

58. If Socket Solutions did not know that Amazon would communicate its infringement allegations to Lider in this District, then Socket Solutions was willfully blind to that fact.

59. Socket Solutions' second letter had the effect of causing Amazon to remove the Lider Product listings.

60. As a result of Socket Solutions' allegations of patent infringement made to Amazon, Lider has lost significant sales and suffered injury to its reputation, including with Amazon which is Lider's primary distributor.

61. The foregoing harms are felt by Lider in this District.

62. Additionally, distribution of the Lider Products to and from Amazon facilities in this District has been brought to a halt.

63. On information and belief, a substantial amount of inventory of the Lider Products is frozen in Amazon warehouses in this District.

64. Lider's reputation with Amazon and its customers within this District (and elsewhere) has been harmed by Socket Solutions' infringement allegations.

65. Lider will continue to be harmed until its listing is restored and claims of the alleged patent infringement against Lider have been resolved.

66. On information and belief, Socket Solutions is continuing to ship its competing Sleek Socket products into this District (including to the same Amazon facilities in this District that have warehoused and sold the accused Lider Products), and is knowingly leveraging its elimination of the Lider Products from the market to expand Socket Solutions' own presence and marketshare for competing Sleek Socket products in this District (including at Amazon), and among customers in this District.

67. On information and belief, Socket Solutions' actions relative to Lider are part of a deliberate plan to be Amazon's exclusive source for the relevant class of products in this District.

68. On information and belief, Socket Solutions knew the foregoing recited harms in this Section would be felt by Lider in this District.

69. Socket Solutions knowingly enlisted Amazon to take immediate action in this District to cause direct and immediate injury to Lider in this District, and to directly and immediately interfere with the distribution and warehousing of the Lider Products within this District, including at Amazon facilities in this District, so that Socket Solutions could expand its sales of its competing Sleek Socket products in this District, including through Amazon.

70. Socket Solutions' enforcement conduct through Amazon has created an actual and immediate controversy as to whether the '080 Patent is valid or infringed by Lider.

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5

71. Declaratory Judgment jurisdiction is properly invoked to adjudicate the foregoing actual controversy.

## COUNT I

## NON-INFRINGEMENT OF U.S. PATENT NO. 9,509,080

72. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

73. The Lider Products do not infringe any valid and enforceable claim of the '080 patent either directly, indirectly, or under the doctrine of equivalents.

74. For example, Claim 1 of the '080 patent recites:

1. An apparatus for hiding a standard indoor electrical wall outlet having at least two receptacles while affording continued use of that said outlet, the apparatus comprising:

   a. a cover comprising:

      (i) a frontplate; and

      (ii) a backplate comprising at least one set of electrical prongs including a hot prong, a neutral prong, and optionally a ground prong, positioned to correspond to a first receptacle of the wall outlet; and

   b. an electrical cord extending from the backplate, or the cover, said cord comprising at the cord's proximal end: at least one hot pin, at least one neutral pin and optionally a ground wire positioned on or fastened or attached to the backplate of the cover in such manner as to minimize distance between the front plate and the backplate, and respectively connected to or associated with the hot prong, neutral prong and any ground prong on the exterior of the backplate, wherein the hot pin and the neutral pin are positioned at approximately right angles to the backplate; and comprising at the cord's distal end at least one receptacle.

75. The Lider Products do not infringe claim 1 of the '080 at least because they do not satisfy the limitation: "wherein the hot pin and the neutral pin are positioned at

approximately right angles to the backplate." The "pins" of the Lider Products extend along the same direction along which the "prongs" of the Lider Products also extend, respectively, and do not form right angles to the backplate and are not "bent" to conserve space, as required by the '080 patent.

76. As to claim 16, the Lider Products additionally do not include at least "a pair of non-conductive prongs, positioned to correspond to the second receptacle of the wall outlet." The Lider Product does not have lower "prongs," nor any non-conductive "prongs." In other words, all "prongs" insertable into the wall socket are conductive "prongs."

77. Also as to claim 16, the "pins" of the Lider Products extend along the same direction along which the "prongs" of the Lider Products also extend, respectively, and do not form right angles to the backplate and are not "bent" to conserve space, as required by the '080 patent.

78. As to claim 19, the Lider Products fail to meet the requirement that "the height of the hot pin, neutral pin, and any ground wire is approximately the same or less than the thickness of the cord." The "pins" of the Lider Products have a height that is considerably greater than the thickness of the cord.

79. As to claim 22, the Lider Products do not include at least "at least a pair of non-conductive prongs, positioned to correspond to a second receptacle of the wall outlet." The Lider Product does not have lower "prongs," nor any non-conductive "prongs." In other words, all "prongs" insertable into the wall socket are conductive "prongs."

80. Lider seeks a declaration that the Lider Products (and any colorable variation of the Lider Products) do not infringe any claims of the '080 Patent.

81. Lider also seeks recovery of its attorneys' fees.

# COUNT II

## INVALIDITY OF U.S. PATENT NO. 9,509,080

82. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

83. Claims 1-24 of the '080 Patent are invalid as anticipated or obvious under sections 35 U.S.C. §§ 102, 103, and/or 112.

84. As a non-limiting example, what the '080 Patent essentially discloses is a commonplace flat-head extension cord plug wherein the flat head is wide enough to cover the wall outlet. This is an obvious variation of well-known prior art, and the '080 Patent is therefore subject to invalidation.

85. Claims 1, 19, and 22 are also invalid as indefinite insofar as they recite "at least one hot pin, at least one neutral pin and optionally a ground wire positioned on or fastened or attached to the backplate of the cover *in such manner as to minimize distance between the front plate and the backplate*[.]"

86. Lider seeks a declaration that the '080 Patent is invalid.

87. Lider also seeks recovery of its attorneys' fees.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lider respectfully requests the Court enter judgment as follows:

    (a)    that Lider has not infringed any claim of the '080 Patent;

    (b)    that the '080 Patent is invalid;

    (c)    that this case is exceptional and an award of attorneys' fees; and

    (d)    for such other and further relief as the Court deems just and equitable.

Dated: June 14, 2023

Respectfully Submitted,

*/s/ Jean-Paul Ciardullo*
Jean Paul Ciardullo, CA Bar No. 284170
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Phone: (213) 972-4500
Fax: (213) 486-0065
jciardullo@foley.com

Thomas A. James (pro hac vice forthcoming)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654-5313
Telephone: (312) 832-4943
Facsimile: (312) 832-4700
tajames@foley.com

*Counsel for Plaintiff
Lider Electric Inc.*

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests trial by jury under Rule 38 of the Federal Rules of Civil Procedure on all issues in this action so triable.

Dated:  June 14, 2023             Respectfully submitted,

*/s/ Jean-Paul Ciardullo*
Jean Paul Ciardullo, CA Bar No. 284170
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Phone: (213) 972-4500
Fax: (213) 486-0065
jciardullo@foley.com

Thomas A. James (*pro hac vice forthcoming*)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654-5313
Telephone:  (312) 832-4943
Facsimile:   (312) 832-4700
tajames@foley.com

*Counsel for Plaintiff
Lider Electric Inc.*

COMPLAINT FOR DECLARATORY JUDGMENT

4853-8981-3608.5